IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THERESA BALDWIN,<br><br>　　　Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE COMPANY,<br><br>　　　Defendant. | Case No. 3:24-cv-1245 |

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff Theresa Baldwin's ("Plaintiff's" or "Baldwin's") Motion for Partial Summary Judgment, filed on January 2, 2025. (ECF No. 25.) Plaintiff moves the Court to (1) declare that Defendant State Farm ("Defendant" or "State Farm") had, and continues to have, a duty to defend Plaintiff in Roberson County Circuit Court Case No. 74CC1-2022-CV-247 (the "Robertson County Case"); and (2) enter a judgment of liability against Defendant for breach of contract. (See id. at PageID 406.) For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

This action relates to Defendant's denial of its duty to defend under Plaintiff's homeowners' insurance policy. (ECF No. 1-1 at PageID 6.) Defendant removed the action to the Court on October 17, 2024. (ECF No. 1.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Id. at PageID 2.)

A.  **Undisputed Facts**

This factual background is based on Plaintiff's and Defendant's agreement as to the undisputed facts. (See ECF Nos. 26, 29.)

i.  *State Court Suit*

On September 8, 2022, Plaintiff was sued in Robertson County Circuit Court. (ECF No. 29 at PageID 460; ECF No. 1-1 at PageID 7.) The plaintiffs in the Robertson County Case (the "Robertson County Plaintiffs") asserted against Plaintiff multiple intentional torts, including intentional infliction of emotion distress, false light invasion of privacy, defamation by implication or innuendo, invasion of privacy by instruction upon seclusion, and intentional interference with business relationships. (ECF No. 24-1 ¶¶ 67–107; see also ECF No. 29 at PageID 460.)

The Robertson County Plaintiffs alleged that, as a result of Plaintiff's alleged conduct, one of the Robertson County Plaintiffs suffered damages including "nightmares, insomnia and depression for which she has sought psychiatric treatment, anxiety, crying, shame, humiliation, embarrassment, anger, chagrin and wrong" and sought care in an emergency room. (ECF No. 29 at PageID 462; ECF No. 1-1 ¶ 108.) That Robertson County Plaintiff also allegedly suffered "humiliation, depression, and loss of sleep." (ECF No. 29 at PageID 460; ECF No. 1-1 ¶ 110.)[1]

ii.  *The Policy, Claim, and Denial*

At the time the Robertson County Plaintiffs initiated the Robertson County Case, Plaintiff maintained a homeowners' insurance policy (the "Policy") with Defendant. (ECF No. 29 at PageID 464; ECF No. 1-1 ¶ 9.) She was current on her payments such that the Policy was effective. (ECF No. 29 at PageID 464; ECF No. 1-1 ¶ 10.) After being sued, Plaintiff filed a claim under the

---

[1] Parties agree this applied to the "second [Robertson County P]laintiff." (See ECF No. 29 at PageID 463.) In examining the Robertson County Complaint, however, this only applied to the first Robertson County Plaintiff. (See ECF No. 24-1 ¶¶ 108–10.)

Policy to trigger Defendant's duty to defend against the allegations in the Robertson County Case. (See ECF No. 29 at PageID 465; ECF No. 1-1 ¶ 26.)

The Policy states Defendant would afford Plaintiff coverage "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence[.]" (ECF No. 24-2 at PageID 311.) An "occurrence" is defined as "an accident, including accidental exposure to conditions, which first results in . . . bodily injury [or] . . . property damage[] during the policy period." (Id. at PageID 292.) "Bodily injury" is defined as "physical injury, sickness, or disease to a person." (Id. at PageID 289.) The Policy does not define "accident." (Cf. id.; see also ECF No. 29 at PageID 463–64.)

The Policy specifically excludes coverage for bodily injury or property damage that: (1) was a result of a (a) willful and malicious or (b) criminal act or omission of the insured; (2) was intended by the insured; or (3) would have been expected by the insured based on a reasonable person standard. (ECF No. 24-2 at PageID 313.)

On June 19, 2023, Defendant denied Plaintiff's claim. (ECF No. 29 at PageID 464; ECF No. 1-1 ¶ 27.) Defendant denied coverage to Plaintiff both under the Policy's intentional acts exclusion and because the allegations against Plaintiff did not involve bodily injury or property damages such that it fell within the terms of the Policy. (ECF No. 29 at PageID 465; ECF No. 1-1 ¶ 28.)

On June 26, 2023, Plaintiff responded to the denial and renewed her demand for coverage. (ECF No. 29 at PageID 465; ECF No. 1-1 ¶ 24.) In her response, she argued the assertions in the underlying complaint (the "Robertson County Complaint") (1) were "not uniformly premised upon allegations of intentional conduct" and included covered "allegations of reckless conduct"; and (2)

3

involved categories of damages which are compensable under the Policy's definition of "bodily injury." (ECF No. 29 at PageID 465; ECF No. 1-1 ¶ 30–31.)

On June 29, 2023, Defendant again denied coverage based on the Policy's intentional act exclusion. (ECF No. 29 at PageID 465; ECF No. 1-1 ¶ 32.) Defendant stated there was "no basis for an analysis of whether the allegations filed against Ms. Baldwin involve bodily injury or property damage caused by an occurrence as defined within the [P]olicy." (ECF No. 29 at PageID 466; ECF No. 1-1 ¶ 34.)

### iii. *Aftermath of Denial and Disposal of State Court Proceeding*

Plaintiff continued to participate in the Robertson County Case and secured a dismissal of the suit on January 2, 2024. (ECF No. 29 at PageID 466; ECF No. 1-1 ¶¶ 40–42.) Plaintiff funded her own defense and continues to incur expenses on the Robertson County Case's pending appeal. (ECF No. 29 at PageID 466; ECF No. 1-1 ¶ 40.) Defendant has not reimbursed Plaintiff for the cost of her defense or reversed its denial of coverage. (ECF No. 29 at PageID 467; ECF No. 1-1 ¶¶ 44–45.)

### B. **Procedural History**

Plaintiff filed the instant Motion for Partial Summary Judgment, along with an accompanying Statement of Undisputed Facts and Memorandum in Support, on January 2, 2025. (See ECF Nos. 25–27.) Defendant filed its Response Brief and Response to Plaintiff's Statement of Undisputed Material Facts on February 10, 2025. (ECF Nos. 28, 29.) Plaintiff filed her Reply in Support on February 24, 2025. (ECF No. 90.) The Court held a Motion Hearing on March 17, 2025.

## II. LEGAL STANDARDS

### A. Summary Judgment

A party moving for summary judgment must identify each claim, or part of each claim, for which it seeks summary judgment. Fed. R. Civ. P. 56(a). A moving party is entitled to summary judgment "if [it] shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if "proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

The Court must consider the cited materials and may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court, however, need not "search the entire record to establish that it is bereft of a genuine issue of material fact." Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (internal citations omitted).

## III. ANALYSIS

Plaintiff moves the Court (1) to declare Defendant had a duty to defend Plaintiff in the Robertson County Case; and (2) for summary judgment on Plaintiff's breach of contract claim against Defendant. (See ECF No. 25 at PageID 406.) Tennessee law applies to both requests. See

Howell v. Colonial Penn Ins. Co., 842 F.2d 821, 822 (6th Cir. 1987). The Court addresses each in turn.

### A. Duty to Defend

"Issues regarding an insurer's duty to defend are matters of law and may be resolved by summary judgment when there are no genuine issues as to any material fact." Travelers Indem. Co. of Am. v. Moore & Assocs., Inc., 216 S.W.3d 302, 305 (Tenn. 2007) (citing Standard Fire Ins. Co. v. Chester-O'Donley & Assocs., Inc., 972 S.W.2d 1, 6 (Tenn. Ct. App. 1998)).

"[W]hether a duty to defend arises depends solely on the allegations contained in the underlying complaint." Id. (citing St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994)). "[T]he insurer has a duty to defend when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery. The duty to defend arises if even one of the allegations is covered by the policy." Id. (citations omitted).

"Any doubt as to whether the claimant has stated a cause of action within the coverage of the policy is resolved in favor of the insured." Id. (citing Dempster Bros., Inc. v. U.S. Fid. & Guar. Co., 388 S.W.2d 153, 156 (Tenn. App. 1964)). "An insurer may not properly refuse to defend an action against its insured unless 'it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage.'" Drexel Chem. Co. v. Bituminous Ins. Co., 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996) (quotation omitted).

Thus, in analyzing whether Defendant had a duty to defend Plaintiff in the Robertson County Case, the Court examines the allegations of the Robertson County Complaint and the language of the Policy. See Torpoco, 879 S.W.2d at 835.

The Policy excludes coverage for bodily injury or property damage that qualifies as an intentional act. (See ECF No. 24-2 at PageID 313.) An intentional act is an act that (1) was a result of a willful and malicious or criminal act or omission of Plaintiff; (2) was intended by Plaintiff; or (3) would have been expected by Plaintiff based on a reasonable person standard. (See id.) The Court thus must determine whether the Robertson County Complaint alleged a bodily injury that falls under the three categories for intentional acts. See Torpoco, 879 S.W.2d at 835.

      *i.     Bodily Injury*

The Policy defines "bodily injury" as "physical injury, sickness, or disease to a person." (ECF No. 24-2 at PageID 289.) The Policy specifically excludes "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person." (Id.)

The Robertson County Complaint alleged the following injuries:

- damage to financial affairs or business relationships and loss of clients, (ECF No. 24-1 ¶¶ 64–65, 107, 110);
- embarrassment, and emotional or mental distress, (id. ¶¶ 64–65, 87, 93, 98, 108, 110);
- general "injury," "damages," or "wrongs" (see id. ¶¶ 73, 98, 102, 108);
- mental injury or anguish, (id. ¶¶ 76, 80, 98, 109);
- loss of sleep, (id. ¶¶ 80, 110);
- loss of reputation, (id. ¶¶ 80, 87, 93, 98);
- humiliation, (id. ¶¶ 87, 93, 98, 108, 110);
- nightmares, (id. ¶ 108);
- insomnia, (id. ¶ 108);
- depression, (id. ¶¶ 108, 110);
- anxiety, (id. ¶ 108);
- crying, (id.);
- shame, (id.);
- anger, (id.);
- chagrin, (id.);
- "care in emergency rooms, the cost of which will be shown at trial," (id.); and
- damage to "daily functioning," (id. ¶ 110).

7

Plaintiff argues the Robertson County Complaint alleges injuries that are covered under the Policy. (ECF No. 27 at PageID 432.) Plaintiff argues she was entitled to coverage because at least one injury fell within "bodily injury" as defined by the Policy and any ambiguity in the allegations must be construed in favor of Plaintiff. (Id. at PageID 433–37.)

Defendant counters that it does not have a duty to defend Plaintiff because the Robertson County Plaintiffs only alleged injuries of "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury," which are excluded under the Policy. (ECF No. 28 at PageID 445 (citing ECF No. 24-2 at PageID 289).) Defendant argues the Robertson County Complaint alleged no physical injuries aside from those that arose from the alleged mental and emotional injuries. (Id. at PageID 447.) From this, Defendant argues it was appropriate to deny Plaintiff coverage based on the underlying complaint. (Id. at PageID 447–48 (citing State Farm Fire & Cas. v. Cabatbat, No. 09-00532 DAE-lek, 2011 WL 572537, at *7 (D. Haw. Feb. 11, 2011); State Farm Fire & Cas. Co. v. Wilson, 153 F. App'x 952, 953 (6th Cir. 2005)).)

The Court finds Defendant's arguments persuasive. In reviewing the list of alleged injuries, all are either plain allegations of mental or emotional injury or are allegations of physical manifestations of mental or emotional injury. (See ECF No. 24-1 ¶¶ 64, 65, 73, 76, 80, 87, 93, 98, 107–110.) These are excluded under the Policy. (ECF No. 27 at PageID 445 (citing ECF No. 24-2 at PageID 289).)

Plaintiff argues one alleged injury, at a minimum, potentially fell within coverage. (See ECF No. 27 at PageID 432.) Plaintiff first argues there is at least one injury which is explicitly covered under the Policy: insomnia. (See ECF No. 30 at PageID 475.) Plaintiff argues insomnia is a covered "sickness or disease" and not an excluded mental injury. (See id. (citing Raymond v. Life Ins. Co. of N. Am., 924 F. Supp. 2d 1345, 1350 (S.D. Fla. 2010); Gnirk v. Ford Motor Co.,

8

572 F. Supp. 1201, 1204–05 (D.S.D. 1983); Eyrich v. Dam, 473 A.2d 539 (N.J. Super. Ct. App. Div. 1984)).) Plaintiff's argument, however, fails because the alleged insomnia is a manifestation of an emotional injury and does not arise out of a physical injury. The Robertson County Plaintiffs explicitly alleged insomnia to be a "physical manifestation of emotional distress." (ECF No. 24-1 ¶ 108.) Thus, it is not a covered injury. (See ECF No. 24-2 at PageID 289); see also D.B.C. v. Pierson, No. 2:13-cv-00377-LSC, 2014 WL 2155017, at *4 (N.D. Ala. May 22, 2014) (under the same definition of bodily injury as the Policy, finding insomnia to be a "mental injury" where it was caused by "embarrassment and humiliation" and not any physical injury); cf. State Farm Mut. Auto. Ins. Co. v. D.L.B. ex rel. Brake, 881 N.E.2d 665, 666 (Ind. 2008) ("the term 'bodily injury' does not include emotional damage unless it arises from a bodily touching"). Because insomnia is not a covered injury, it does not trigger Defendant's duty to defend. See Travelers, 216 S.W.3d at 305.

Plaintiff next focuses on the "ambiguous harm[s]" of "suffering," "impaired 'daily functioning,'" and "care in emergency rooms," arguing these broad injury allegations are ambiguous and thus trigger Defendant's duty to defend. (See ECF No. 30 at PageID 471–72 (citing Forrest Const., Inc. v. Cincinnati Ins. Co., 703 F.3d 359, 366 (6th Cir. 2013).) Plaintiff's argument, however, is unavailing. It is plain from the Robertson County Complaint that the allegations of "suffering," impaired "daily functioning," and "care in emergency rooms," are caused not by any physical injury, but rather from the emotional distress allegedly caused by Plaintiff's online publications. (See ECF No. 24-1 ¶¶ 98 ("[a]s a direct and proximate result of [Plaintiff's] omissions and publications, [the Robertson County P]laintiffs have suffered damages, impairment of their reputation in the community, personal humiliation, mental anguish, and suffering"), 108 ("[one of the Robertson County Plaintiffs] suffers from physical manifestations of emotional

9

distress . . . [due to which] she has sought care in emergency rooms"), 110 ("[Plaintiff's] outrageous behavior has significantly damaged [one of the Robertson County Plaintiff's] daily functioning").) Indeed, the Robertson County Complaint does not allege Plaintiff ever made any physical contact with the Robertson County Plaintiffs. (Cf. id.)

Furthermore, Plaintiff's citation to Forrest is unavailing. Unlike the ambiguous allegations in the underlying complaint in Forrest, which allowed for an implication of coverage and the duty to defendant, there is no such ambiguity here. See 703 F.3d at 366. Rather, the Robertson County Plaintiff's allegations make clear that each injury is emotional or mental. (See ECF No. 24-1 24-1 ¶¶ 64, 65, 73, 76, 80, 87, 93, 98, 107–110.) Because there is no ambiguity as to whether the alleged injuries "ar[o]se[] out of actual physical injury," they are not covered. (See ECF No. 24-2 at PageID 289.) Thus, the Robertson County Complaint's alleged injuries do not trigger Defendant's duty to defend. See Travelers, 216 S.W.3d at 305.

Finally, Plaintiff argues the Robertson County Complaint is not exhaustive and thus may contain other, unknown injuries which trigger Defendant's duty to defend. (See ECF No. 27 at PageID 424.) This, however, runs afoul of the principle that the Court examines "solely . . . the allegations contained in the [Robertson County Complaint]." See Travelers, 216 S.W.3d at 305. The Robertson County Complaint does not contain any "potential basis for recovery" for any unknown injuries which are not alleged. See id. Thus, any unknown, unalleged injuries do not trigger Defendant's duty to defend. See id.; cf. Amerisure Mut. Ins. Co. v. Microplastics, Inc., 622 F.3d 806, 812 (7th Cir. 2010) ("While an insurer's duty to defend in Illinois is broad, it is not without limits. The duty to defend applies only to facts that are explicitly alleged . . .").

### ii.   *Intentional Acts Exclusion*

Because the Robertson County Complaint does not allege a bodily injury under the Policy, the Court does not reach the intentional acts exclusion. (See ECF No. 24-2 at PageID 313 (requiring both a bodily injury and a non-intentional act to trigger Defendant's duty to defend under the Policy).)

### B.   **Breach of Contract**

"In a breach of contract action, claimants must prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." Faulkner v. Brooks Custom Application, LLC, No. 1:19-cv-01103-STA-jay, 2019 WL 4675394, at *2 (W.D. Tenn. Sept. 25, 2019) (quoting Fed. Ins. Co. v. Winters, 354 S.W.3d 287, 291 (Tenn. 2011)). "Because insurance policies are contracts, courts are to interpret insurance policies in compliance with the same rules of any other contract." Costello v. Mountain Laurel Assurance Co., 670 F. Supp. 3d 603, 612 (E.D. Tenn. 2023) (citing Garrison v. Bickford, 377 S.W.3d 659, 663–64 (Tenn. 2012)).

At the Motion Hearing, the Parties agreed that if Defendant had a duty to defend Plaintiff, then Defendant would be in breach of contract. Thus, the only contested element is a "deficiency in the performance" where Defendant breached its duty to defend. See Faulkner, 2019 WL 4675394, at *2. Because the Robertson County Complaint did not trigger Defendant's duty to defend Plaintiff under the Policy, see supra Section III.A, there is no such deficiency. See Faulkner, 2019 WL 4675394, at *2. Thus, Plaintiff is not entitled to summary judgment for breach of contract. See id.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Partial Summary Judgment is **DENIED**. Defendant did not have a duty to defend Plaintiff in the underlying lawsuit in Robertson County Circuit Court. Plaintiff is thus not entitled to summary judgment for breach of contract.

**SO ORDERED**, this the 15th day of April, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE